IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 07-10014-JTM

MARTIN VASQUEZ-VARGARA,

    Defendant.

MEMORANDUM AND ORDER

The current matter arises on defendant's motion to dismiss the one-count indictment that charges the defendant with possession of a firearm as a felon. Defendant argues that the statute underlying the charge is unconstitutional in violation of the Commerce Clause. The court disagrees and denies defendant's motion.

Defendant is charged in a superseding indictment with possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), which includes that the firearm was "possessed in and affecting interstate commerce." Defendant argues that the "possession" prong of 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress' Commerce Clause powers where the Government's theory is based simply on the firearm having crossed state lines at some point in the past.

Specifically, the defendant argues that the Tenth Circuit in *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006) noted that there is "considerable tension between *Scarborough* and the three-category approach adopted by the Supreme Court in its recent Commerce Clause cases . . ." *See United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006) (citing *Scarborough v. United States*, 431 U.S. 563 (1977)). However, as counsel notes, *Patton* also held that the Tenth Circuit was bound by *Scarborough*, which was left intact by *United States v. Lopez*, 514 U.S. 549 (1995). Indeed, the Tenth Circuit noted that Congress may regulate any firearm that has ever traversed state lines. *Patton*, 451 F.3d at 634.

The *Patton* court explained that in *United States v. Bolton*, 68 F.3d 396 (10th Cir. 1995), the post-*Lopez* jurisdictional hook in § 922(g) was enough to ensure constitutionality. *Id.* (citing *Bolton*, 68 F.3d at 400). Thereafter, in *United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996), the court rejected an as-applied challenge by finding it sufficient that the defendant's "gun had been manufactured in a different state from that in which it was found." *Patton*, 451 F.3d at 634 (citing *Farnsworth*, 92 F.3d at 1006). Finally and most recently, in *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000), in analyzing a challenge based on *Lopez*, *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States.*, 529 U.S. 848 (2000), the Court rejected a challenge by basing its holding on *Scarborough*. *See Patton*, 451 F.3d at 634.

From these cases, it is evident that the Tenth Circuit rejected the constitutionality challenge that Congress exceeded its authority under the Commerce Clause by enacting the statute making it a crime for a felon to possess a firearm which has been shipped or transported

in interstate commerce. *See Dorris*, 236 F.3d at 584. For this reason, the court rejects defendant's challenge to the superseding indictment.

IT IS ACCORDINGLY ORDERED this 9th day of May, 2007, that defendant's motion (Dkt. No. 13) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
